IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA,       :       CIVIL ACTION
      Plaintiff,                :
                                :
      v.                        :
                                :
LINDA MARQUES,                  :
      Defendant.                :       NO. 02-4853
```

**O R D E R**

AND NOW, this 3rd day of January, 2003, upon consideration of the Plaintiff's Motion for Default Judgment (Doc. #6), said motion is GRANTED.  It is hereby ORDERED that:

1) Judgment is entered in favor of Plaintiff and against Defendant in the amount of $62,694.80 plus interest at the rate of $8.90 per day from December 31, 2001 to the date of any Marshal's Sale or any other sale of property.

2) The promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the real property described therein.  In accordance with the National Housing Act, "[t]he right to redeem provided for by section 2410(c) of Title 28, shall not arise in any case in which the subordinate lien or interest of the United States derives from the issuance of insurance under The National Housing Act, as amended." 12 U.S.C.A. § 1701k.  (West 2002).

1

3) The real property described therein shall be sold according to the following:

    (a) The United States Marshal for the Eastern District of Pennsylvania is directed to sell the real property specified in the mortgage between Plaintiff and Defendant for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001 (West 2002) within 180 days of this Order.  Notice must be given, in accordance with 28 U.S.C. § 2002 (West 2002), once a week for four consecutive weeks prior to the sale in one newspaper regularly issued, and of general circulation in the county and judicial district where the real estate is situated.  Plaintiff may advertise a short description of the property rather than a complete legal description.

    (b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid in certified check or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without any demand being made by the

Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to pay the balance, all his rights in the real estate shall cease and be completely void.  The property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited.  The highest bidder shall take the real estate subject to paying all current state and local taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges or liens against the property which are not divested by the Marshal's sale.  The highest bidder further shall pay all state, local and federal costs.  If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c) Plaintiff, United States of America or its nominee is granted right of entry at a reasonable time to subject the premises for purposes of pre-sale inspection and Marshal's sale with the right

3

      to inspect the house, as well as other items necessary for the inspection, advertisement and sale of the subject premises.

      (d) Motion for Confirmation of the Public Sale shall be made by the Marshal or the Plaintiff to the Court 30 days after the date of sale.

4) Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant to further Order of this Court.

5) The Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6) A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7) Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

AND IT IS SO ORDERED.

                                            _____
                                            Clarence C. Newcomer, S.J.